Mathews, J.
delivered the opinion of the court. On the part of the assignees, it is con *76 tended, that the deed of assignment is good and valid, according to the laws of Maryland, under which it was executed and the contract was made, and it ought to be enforced by the court of this state. To this end, they liken it to an assignment, made under the bankrupt laws of England, and cite adjudged cases from the courts of justice of that country, shewing how strictly and extensively they are carried into effect.
Were it necessary to a proper decision of this case, we are of opinion that it would not be difficult to shew such a difference between assignments, made at the mere will and pleasure of debtors, in which they attempt to lay down rules for the payment of their debts, and the distribution of their estates, and those, which are fairly executed under a commission of bankruptcy. as would require the application of principles almost totally different in different cases.
In assignments under a commission of bankruptcy, great pains are taken to discover and collect all the debtor's property. The assignees are chosen by the mass of his creditors, and the effect of the assignment is fixed by law. The, proceeds of the estate, are to be paid and distributed, according to established and known rules, But, in voluntary assignments by debtors, they chuse their own trustees, determine the manner *77 in which their debts are to be paid, and too' often attempt to give illegal and unjust preferences.
These points we deem it useless now to discuss ; and it is believed that our decision must be directed by the principles of law recognized in the case of Dumford vs. Brooks’ syndics, 3 Martin, 222, 269.
The instrument by which the debtor undertakes to transfer his property to the trustees, must be considered as a contract between him and the persons entrusted with the execution of his intentions, in regard to the payment of his debts, and the distribution of his estate. If his conduct has been fair, and his intention honest, in this transaction, (which we do not undertake to decide) perhaps they have a right to hold the property, as far as it has been actually delivered to them, until they shall have fully executed the trust reposed in them, and creditors who may have assented to the terms of the cession would probably be bound by it. But the assignment can certainly have no greater effect, in relation to creditors not parties thereto, than a sale to a bona fide purchaser, which, unless accompa nied by delivery, does not fully divest the seller of his property, and leaves it subject to be seiz *78 ed hy his creditors, according to the principles laid down in the above case.
The parties to the deed of assignment appear to have been aware ot the unposibility of transferring by it, a comptete dominion over such things as choses in action according to the common law of England; for we find in it a power granted to them to use the assignor's name, if necessary.
Upon the whole, we are of opinion, that the property attached, not having been delivered to the trustees, has been regularly subjected to the navrnent of the debt of the attaching creditor.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed. wilh costs. See Norris vs. Mumford 4 Martin, 20.